UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DENNIS MILES, and SHARON MILES, )
                                                   )
        Plaintiffs, )
                                                   )
v. ) No. 3:18-CV-267-TAV-DCP
                                                   )
WYNDHAM VACATION RESORTS, INC., et al., )
                                                   )
        Defendants. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on April 2, 2020, pursuant to the discovery dispute procedure outlined in the Scheduling Order. Attorney Aubrey Givens appeared on behalf of Plaintiffs. Attorney Eugene Podesta appeared on behalf of Defendants. By way of background, Plaintiffs noticed several Rule 30(b)(6) witnesses for depositions in March 2020. Defendants objected [Doc. 57] to several topics noticed in the depositions, arguing that many topics were broad, vague, or irrelevant to the facts in this case. The parties agreed to proceed with the depositions and to address the remaining disputes with the Court. The Court addressed the remaining disputes during the April 2 telephone conference.

With respect to Request No. 1, Plaintiffs seek written and oral communications between Defendants and their sales agents who were involved in Plaintiffs' purchases from January 1 of the year of the purchase at issue until the present. Plaintiffs narrowed this request to communications involving Plaintiffs' transactions. Defendants stated that they had already searched their electronic databases for Plaintiffs' names, member numbers, and email addresses

1

and produced the resulting written communications. Defendants stated that they would confirm whether the production included written communications between Defendants and their sales representatives. Defendants also stated that they would determine if their search using the member number was broad enough to have located written communications referencing Plaintiffs' specific contract numbers. Defendants agreed to update their discovery responses with such information. If the previous search did not locate written communications associated with the contract number or if the previous production did not include written communications between Defendant and their sales representatives, Defendants **SHALL** produce such written communications within fourteen (14) days of the instant Order. Defendants are not required to respond to Plaintiffs' request seeking oral communications.

With respect to Request No. 2, Plaintiffs seek the personnel file of all the sales representatives or agents involved in Plaintiffs' purchases. Plaintiffs argued that they need the personnel files to show that the sales representatives' conduct was intentional rather than negligent. For example, Plaintiffs stated that they need reprimands issued to the sales representatives and the sales representatives' job histories. Defendants argued that they had already produced the sales integrity reports and corrective action notices for each sales representative identified in the Complaint. In addition, Defendants stated that they produced training material. Defendants agreed to review the personnel files of the sales representatives identified in the Complaint and produce material related to any specific training received (e.g., certifications of completion) and to update their discovery response to indicate whether the sales representatives attended daily training meetings. Defendants also agreed to produce the employment applications of each sales representative with appropriate redactions. Defendants **SHALL** update their response to the discovery request within fourteen (14) days of entry of this Order.

In Plaintiffs' Request No. 3, they request personnel files of any non-legal employee with knowledge of Plaintiffs' claims or who assisted in the sales presentations or in the execution of the contract documents. Plaintiffs explained that sometimes managers helped with the sales and that individuals in the quality assurance department reviewed the contract with the purchasers and made sure the purchasers understood the terms therein. Defendants stated that they identified the individuals who are of record with assisting with the sale but that they could not identify everyone who may have added information or answered a question during a sales presentation. Defendants agreed to produce the disciplinary file for the individuals who are of record and who assisted with the sales involving Plaintiffs (e.g., quality assurance agents). Accordingly, Defendants **SHALL** produce the disciplinary files for quality assurance agents associated with Plaintiffs' contracts within fourteen (14) days of entry of the instant Order. The Court will not order Defendants to produce the disciplinary files of those other (and unknown) associates who may have assisted with the sale as it is not proportional to the needs of this case.

With respect to Request No. 6, Plaintiffs seek the amount of revenue generated by rental income from 2014 to the current date. In the parties' discovery dispute chart that was sent to Chambers prior to the telephone conference, Plaintiffs stated that such information will be relevant during the punitive phase of the trial. During the telephone conference, Defendants argued that prior to producing documents showing revenue or net worth, Plaintiffs must make a showing that they are entitled to punitive damages. Further, Defendants offered to stipulate that their net worth is equal to or greater than the punitive cap (i.e., $500,000 or two times compensatory damages) pursuant to Tennessee Code Annotated § 29-39-104. Later, during the telephone conference, Plaintiffs argued that revenue generated by rental income is also relevant to Plaintiffs' claims that their reservations were limited.

Given that several of the arguments raised at the telephonic conference were not included in the discovery dispute chart, the Court **GRANTS** Plaintiffs leave to file a motion to compel with respect to Request No. 6 and Request Nos. 87 and 90, which seek Defendants' net worth, general financial circumstances, and other punitive damage awards. Plaintiffs **SHALL** file their motion within fourteen (14) days of entry of the instant Order. Prior to filing any such motion, the parties **SHALL** meet and confer regarding Defendants' proposed stipulation in an attempt to reach an agreement on the above issues.

With respect to Request Nos. 7-10 and 31, Plaintiffs seek lawsuits, administrative actions, and claims relating to an owners' inability to obtain reservations or for breach of contract. In addition, Plaintiffs request knowledge of misrepresentations made by sales representatives to timeshare owners regarding the ability to rent the timeshares, elevated customer complaints from quality control, and complaints relating to the sales process, the rental process, and the lack of access to reservations. Defendants stated that when an owner makes a complaint, they internally code the complaint to reference specific sections of Defendants' compliance manual. Defendants agreed to determine the practicability of searching its databases using sections of the compliance manual. If it is practicable to search the database, the parties agreed to work together to identify the specific sections of the compliance manual that should be searched in the databases. If the parties have any further issues, they **SHALL** contact Chambers for a telephonic conference.

With respect to Request No. 47, Plaintiffs seek non-privileged knowledge of changes in the sales procedures due to lawsuits, administrative actions, or consent orders from 2014 to the present. Defendants agreed to produce non-privileged documents involving the sales procedures at the Sevier County sales center. Plaintiffs agreed such production would be sufficient.

Accordingly, Defendants **SHALL** supplement their discovery response with the above information within fourteen (14) days from the entry of this Order.

In Request No. 48, Plaintiffs seek knowledge of the settlement involving Defendants and the state of Wisconsin. Plaintiffs argued that such knowledge is relevant to their punitive damages request and that communications between Defendants and their sales representatives are relevant to prove notice, lack of training and supervision, and that a common scheme existed in the corporation. Defendants argued that the consent decree is fifteen (15) years old and predates any of the contracts that were entered in this case. Defendants argued that no party in the instant suit has any connection with Wisconsin. Accordingly, the Court finds that the information requested in Request No. 48 is not relevant or proportional to the needs of this case.

With respect to Request No. 80, Plaintiffs seek client and customer complaint forms, called "SCIFs" for Tennessee for the last six years. During the telephone conference, Plaintiffs agreed to limit their request to the Sevier County sales center. Defendants stated that they produced the sales representatives' SCIFs who were involved in Plaintiffs' transactions. Defendants stated that given their turnover rate, producing SCIFs for the entire Sevier County sales center for the past six years would be burdensome. In addition, defense counsel stated that he believed SCIFs are not stored electronically. Defendants agreed, however, to determine whether SCIFs are stored electronically. After Defendants make this determination, the parties **SHALL** meet and confer in attempt to resolve further issues. If they cannot resolve the issues, the parties **SHALL** contact Chambers for a telephonic conference.

With respect to Request No. 85, Plaintiffs seek knowledge of the real estate brokers and real estate principle brokers at the Sevier County locations from January 1 of the year of the purchase until the current. Specifically, Plaintiffs seek the person's name, address, real estate

license, and personnel file. Plaintiffs contended that Defendants' brokers are statutory supervisors over the sales representatives and that personnel files are relevant to show knowledge or lack thereof of the sale details. Plaintiffs argued that the personnel files can also be used for impeachment purposes. Defendants agreed to produce a list of names of their real estate brokers but argued that personnel files were irrelevant. The Court agrees with Defendants that the personnel files are not relevant because Plaintiffs have not made a claim of negligent supervision. Accordingly, the Court finds Defendants' production sufficient with respect to Request No. 85.

With respect to Request No. 89, Plaintiffs request the number of other claims alleging similar conduct and the dates and outcomes of those claims. The Court found that Plaintiffs' request is too vague and broad. It is not clear what Plaintiffs mean by "claims." In addition, there is no temporal scope on this request. Plaintiffs **SHALL** rewrite this request to include a definition for the word "claim" and limit this request to an appropriate timeframe. If the parties have further issues with Request No. 89, they **SHALL** contact Chambers for another telephone conference.

With respect to Request No. 91, Plaintiffs seek remedial action taken by Defendants after receiving notice of the alleged misconduct. Defendants proposed to limit the request to the Sevier County sales center. Plaintiffs agreed to Defendants' proposal. Accordingly, Defendants **SHALL** supplement the discovery request with the above information within fourteen (14) days of entry of the instant Order.

As a final matter, Plaintiffs seek sanctions for Defendants' alleged failure to produce a Rule 30(b)(6) witness on the above topics. The Court finds sanctions are not warranted. As demonstrated above, many of the discovery requests were not appropriate topics for a Rule 30(b)(6) witness and needed to be narrowed. Finally, given that the parties participated in the

6

discovery dispute procedure and the Court has resolved the objections, the Court finds Defendants'

objections [**Doc. 57**] **MOOT**.

      **IT IS SO ORDERED.**

                                  ENTER:

                                  */s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge